**Opinion filed July 19, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00381-CR

_____

## JESSE TREVISO DIAZ, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 17386B**

## M E M O R A N D U M   O P I N I O N

Jesse Treviso Diaz appeals from his conviction for the offense of aggravated sexual assault of a child, following his open plea of guilty before the court. The trial court assessed his punishment at life imprisonment in the Texas Department of Criminal Justice, Institutional Division. The trial court limited his right of appeal to punishment only. In two issues, Diaz contends that the fact that the presentence investigation report was not included in the record violates his due process rights under Article I, section 13 of the Texas Constitution and

Article 1.04 of the Texas Code of Criminal Procedure[1] and also under the Due Process Clause contained in the Fifth Amendment to the United States Constitution. We affirm.

Following Diaz's open plea to the offense of aggravated sexual assault of a child, the trial court assessed his punishment at life imprisonment in the Texas Department of Criminal Justice. After Diaz entered his plea, the trial court ordered a presentence investigation. The presentence investigation report was subsequently completed. Counsel for Diaz acknowledged that he had received a copy and had gone over it with his client. After hearing witnesses at the disposition hearing, the trial court assessed Diaz's punishment at life imprisonment in the Texas Department of Criminal Justice, Institutional Division. The presentence investigation report was neither offered nor admitted into evidence at trial, and it is not included in the record on appeal.

Inclusion of the presentence investigation report in the record is not automatic. *See Taylor v. State*, No. 11-10-00114-CR, 2011 WL 6811126 (Tex. App.—Eastland Dec. 22, 2011, no pet.) (mem. op., not designated for publication); 43A GEORGE E. DIX & JOHN M. SCHMOLESKY, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 46:123 (2011) (defense counsel should include the PSI in the record if the material in the PSI is in dispute). Furthermore, to be included in the record on appeal, it must be specified in a written designation filed with the district clerk. TEX. R. APP. P. 34.5(b)(1), (c)(1). Counsel for Diaz could have taken steps necessary to have the presentence investigation report included as part of the record. Nothing in the record shows that the presentence investigation report was excluded from the record despite a proper request that it be included, nor does Diaz make such a suggestion. We hold that, if Diaz had a due process right to have the presentence investigation report included in the record, he waived that right by not requesting that it be included. We overrule Issues One and Two.

The judgment of the trial court is affirmed.

July 19, 2012                                PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill.[2]

---

[1]TEX. CODE CRIM. PROC. ANN. art. 1.04 (West 2005).

[2]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.